UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAHAN JALADIAN, | CASE NO.   1:09-CV-01980-AWI-MJS (PC) |
| Plaintiff, | ORDER FOR DISMISSAL OF CERTAIN OF PLAINTIFF'S CLAIMS AND DEFENDANTS |
| v. | (ECF Nos. 6 and 9) |
| J. HERNANDEZ, et al., | |
| Defendants. | |
| _____ / | |

I.   **INTRODUCTION**

Plaintiff Vahan Jaladian is a state prisoner proceeding pro se in this civil action filed November 12, 2009, pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

On December 21, 2010, after reviewing Plaintiff's Complaint, the Court ordered Plaintiff either to file a first amended complaint or notify the Court of willingness to proceed only on the Complaint's cognizable excessive force claim against Defendants Hernandez and John/Jane Doe #1. (ECF No. 6.)

Plaintiff has since notified the Court of his willingness to proceed only on the identified cognizable claim. (ECF No. 9.)

Accordingly, all claims in Plaintiff's Complaint except for his Eighth Amendment excessive force claim against Defendants Hernandez and John/Jane Doe #1, should now be dismissed.  All of the Defendants named in the Complaint except for Hernandez and

John/Jane Doe #1 should also now be dismissed.

## II.    ANALYSIS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915(A)(a).  The Court must dismiss a complaint or portion thereon if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(A)(b)(1),(2).

The Court reviewed Plaintiff's Complaint pursuant to this statute and issued a Screening Order on December 21, 2010. (ECF No. 6). In that Order, the Court identified a single cognizable claim. (Id.).

The Court reviewed Plaintiff's claim that Defendants Hernandez and John/Jane Doe #1 used excessive force against him, alleging that, "while in handcuffs, his arms were raised so high behind his back that he was barely touching the ground as he was forced to walk to another facility", thereby subjecting him to cruel and unusual punishment in violation of the Eighth Amendment. (Id., p. 6.) The Court found that Plaintiff alleged facts sufficient to state an Eighth Amendment claim against Defendants Hernandez and John/Jane Doe #1 for excessive force. (Id.)

The Court noted that Plaintiff's Complaint failed to state any other claims upon which relief may be granted. (Id., p. 10.)

Plaintiff has been ordered to notify the Court of willingness to proceed only on the cognizable claim in the Complaint with dismissal of all other claims and Defendants, or file a first amended complaint. (Id.) Plaintiff has notified the Court of his willingness to proceed only on the cognizable claim in the Complaint. (ECF No. 9.) Accordingly, Plaintiff's other claims and all other Defendants should now be dismissed.

## III.    ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1.    All claims in Plaintiff's Complaint except his Eighth Amendment claim against

Defendants Hernandez and John/Jane Doe #1 be DISMISSED without prejudice;

2. Defendant Nevarez be DISMISSED from this action; and

3. Plaintiff be permitted to proceed on his Eighth Amendment claim against Defendants Hernandez and John/Jane Doe #1.

IT IS SO ORDERED.

Dated: February 14, 2012        /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE