# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAHAN JALADIAN<br><br>    Plaintiff,<br><br>    v.<br><br>J. HERNANDEZ, et al.,<br><br>    Defendants.<br>_____/ | 1:09-cv-01980-AWI-MJS (PC)<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDER FOR CURRENT ADDRESS<br><br>(ECF NO. 37)<br><br>PLAINTIFF MUST SHOW CAUSE OR PROVIDE CURRENT ADDRESS BY APRIL 30, 2012 |

Plaintiff Vahan Jaladian is a former state prisoner currently on parol proceeding pro se in this civil action filed November 12, 2009 pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

Defendant has answered the Complaint and on June 24, 2011 the Court issued its Discovery and Scheduling Order providing a discovery cut-off date of February 24, 2012 and a dispositive motion cut-off date of May 3, 2012. (ECF No. 17.)

On October 3, 2011, Plaintiff filed a Notice of Change of Address stating that he is housed at the High Desert State Prison, Susanville, California. (ECF No. 31.)  That is shown as his current address in this action.

On February 23, 2012, Defendant Hernandez filed a Notice of Non-Receipt of Plaintiff's Change of Address stating that Plaintiff was released from prison on parole

-1-

1  December 20, 2011. (ECF No. 35, 35-1.)

2  The Court then filed and served by mail an Order that Plaintiff provide his current
3  address by March 12, 2012. (ECF No. 37.) This Order was returned as undeliverable.
4  Nothing further has been filed.

5  Local Rule 183(b) provides that "[a] party appearing in propria persona shall keep
6  the Court and opposing parties advised as to his or her current address [and if] mail
7  directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service,
8  and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days
9  thereafter of a current address, the Court may dismiss the action without prejudice for
10 failure to prosecute."

11 Local Rule 110 provides that "failure of counsel or of a party to comply with these
12 Rules or with any order of the Court may be grounds for imposition by the Court of any and
13 all sanctions . . . within the inherent power of the Court." District courts have the inherent
14 power to control their dockets and "in the exercise of that power, they may impose
15 sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing
16 Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's
17 failure to prosecute an action, failure to obey a court order, or failure to comply with local
18 rules. See e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for
19 noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)
20 (dismissal for failure to comply with an order requiring amendment of complaint);
21 Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of
22 prosecution and failure to comply with local rules).

23 Accordingly, not later than April 30, 2012, Plaintiff shall either file a current address
24 or show cause as to why his case should not be dismissed for failure to comply with a
25 Court order and failure to prosecute.

26 ///////
27 ///////
28

1  **Plaintiff is hereby on notice that failure to meet this deadline will result in a**
2  **recommendation that this action be dismissed without prejudice.**
3
4
5
6
7
8  IT IS SO ORDERED.
9  Dated:     March 20, 2012              /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE
10