# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAHAN JALADIAN | 1:09-CV-01980-AWI-MJS (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL AND FOR EXTENSION OF TIME |
| v. | |
| J. HERNANDEZ, et al., | (ECF NOS. 32, 39) |
| Defendants. | |

## I.    PROCEDURAL HISTORY

Plaintiff Vahan Jaladian, a former state prisoner currently on parol and in the custody of the U.S. Department of Homeland Security at the Pinal County Adult Detention Center in Florence, Arizona, is proceeding pro se in this civil rights action filed November 12, 2009 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1; Mot. Show Cause, ECF No. 39.)

Defendant Hernandez has answered the Complaint, and on June 24, 2011, the Court issued a Discovery and Scheduling Order providing a discovery cut-off date of February 24, 2012, and a dispositive motion deadline of May 3, 2012. (Disc. and Sched.


Order, ECF No. 17.)

On February 24, 2012, Defendant Hernandez filed a Motion to Vacate Discovery and Dispositive Motion dates (Mot. Vacate, ECF No. 36) on grounds Plaintiff had failed to provide a current address of record in this action.

The Court ordered Plaintiff to provide a current address (Order, ECF No. 37; Order to Show Cause re Address, ECF No. 38.)

Plaintiff provided his current address on April 26, 2012. (Mot. Showing Cause, ECF No. 39.)

Before the Court are Plaintiff's Motions requesting appointment of counsel and for a general extension of time of six to ten months in order to resolve immigration removal proceedings. (Mot. to Enter Plaintiff's Response, ECF No. 32; Mot. Showing Cause, ECF No. 39.)

## II.     APPOINTMENT OF COUNSEL

The Court has previously denied Plaintiff's motion for appointment of Counsel (Order Den. Counsel, ECF No. 28.) There is nothing before the Court to cause it rule otherwise.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on rehearing* by Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.  However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id.

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well-versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id.

### III.	EXTENSION OF TIME

Plaintiff's requests an extension of time to respond to Defendant's discovery and to resolve immigration removal proceedings against him.

The request to extend time for discovery is moot. The Court has amended its Discovery and Scheduling Order to extend the discovery deadline to June 29, 2012. (Order Grant Mot. Vacate and Amend., ECF No. 40.)

The request to extend time for resolution of immigration proceedings is not supported by a showing of good cause. Plaintiff is responsible for diligently prosecuting this action. The Court has a vast caseload before it and must manage its docket accordingly.

The Court is not persuaded that Plaintiff's immigrations proceedings and detention constitute good cause to stay this action. Many of similar cases are prosecuted by imprisoned plaintiffs.  Plaintiff fails to allege specific facts attributing the need for a stay to reasons beyond his control. Moles v. Lappin, 2012 WL 1372132, at *2 (10th Cir. April 20, 2012). Such a stay would create a risk of prejudice to the Defendant, see Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976) (a presumption of injury arises from delay in resolving an action), delay resolution of this matter on the merits, and is not warranted on the present facts.

////////
////////
////////
////////

## IV. CONCLUSIONS AND ORDER

For the foregoing reasons, no good cause for appointment of counsel or for a further extension of time appearing,

IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for appoint of counsel(ECF No. 32) is DENIED; and,
2. Plaintiff's Motion for extension of time (ECF No.39) is DENIED.

IT IS SO ORDERED.

Dated:   May 3, 2012            /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE