# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAHAN JALADIAN, | 1:09-CV-01980-AWI-MJS (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S OBJECTION TO DENIAL OF MOTIONS FOR APPOINTMENT OF COUNSEL AND EXTENSION OF TIME |
| v. | |
| J. HERNANDEZ, et al., | (ECF NO. 42) |
| Defendants. | CLERKS' OFFICE TO PROVIDE PLAINTIFF A COPY OF THE DOCKET SHEET IN THIS ACTION |

## I. PROCEDURAL HISTORY

Plaintiff Vahan Jaladian, a former state prisoner currently on parol and in the custody of the U.S. Department of Homeland Security at the Pinal County Adult Detention Center in Florence, Arizona, is proceeding pro se in this civil rights action filed November 12, 2009 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1; Mot. Show Cause, ECF No. 39.)

Defendant Hernandez has answered the Complaint and the Court has set a discovery cut-off date of June 29, 2012 and a dispositive motion deadline of September 13, 2012. (Order Amending Discov. and Sched. Order, ECF No. 40.)

The Court, on May 4, 2012 denied Plaintiff's Motions for appointment of counsel and for a general extension of time staying this action for six to ten months to respond to

-1-

discovery and to resolve immigration removal proceedings. (Order Denying Motions, ECF No. 41.)

Before the Court is Plaintiff's Objection to the Order Denying Motions (Objection, ECF No. 42), which the Court construes as a request for reconsideration.[1]

## II. ANALYSIS

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . . " exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. In seeking reconsideration of an order, Local Rule 230(j) requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009), and "[a] party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation . . . " of that which was already considered by the court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Here Plaintiff has provided no basis for granting a motion for reconsideration. He has not shown clear error or other meritorious grounds for relief from the May 4, 2012 Order Denying Motions.

It remains that this case does not currently present the exceptional circumstances

---

[1] Plaintiff purports to object to Court's denial of his request for documents in the docket (Objection at 3-4); in fact the Court granted Plaintiff's request for such documents upon his payment of the scheduled copying charge (Order Granting, ECF No. 34), and accordingly does not reach this basis for objection.

necessary for appointment of counsel, and that a months long general extension of time staying this action is not supported by good cause and is not in furtherance of the orderly course of justice.

Plaintiff appears to request a copy of the docket sheet in this action. The Court will direct the Court Clerk to provide Plaintiff with a copy of the docket sheet.

### III. CONCLUSION AND ORDER

Plaintiff has not met his burden as a party moving for reconsideration. Marlyn Nutraceuticals, Inc., 571 F.3d at 880.

Accordingly, for the foregoing reasons, it is hereby ordered that Plaintiff's Objection to Denial of Motions for appointment of counsel and extension of time (ECF No. 42), construed as a motion for reconsideration, is DENIED.

The Clerk's Office is ordered to provide Plaintiff a copy of the docket sheet in this action.

IT IS SO ORDERED.

Dated:  June 2, 2012                    /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE