UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAHAN JALADIAN,<br><br>          Plaintiff,<br><br>     v.<br><br>J. HERNANDEZ, et al.,<br><br>          Defendants.<br>_____/ | CASE No. 1:09-cv-01980-AWI-MJS (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION THAT COURT NOT SEND HIM MAIL<br><br>(ECF No. 48) |

I.     **PROCEDURAL HISTORY**

Plaintiff Vahan Jaladian, a former state prisoner currently on parol and in the custody of the U.S. Department of Homeland Security at the Pinal County Adult Detention Center in Florence, Arizona, is proceeding pro se in this civil rights action filed November 12, 2009 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1; Mot. Show Cause, ECF No. 39.)

Defendant Hernandez has answered the Complaint and the Court has set a discovery cut-off date of September 28, 2012 and a dispositive motion deadline of December 13, 2012. (Order, ECF No. 45.)

On July 30, 2012, Plaintiff filed a motion requesting that no more orders or motions be mailed to him as he is soon to be released from ICE/DHS custody. (Motion, ECF No.

-1-

1  48.) That motion is now before the Court.

2  **II.    ANALYSIS**

3      **A.    Requirement for Current Address**

4      Plaintiff is required to keep the Court and opposing parties advised as to his current
5  address. Local Rule 183(b). A failure to maintain a current address, including a resulting
6  failure to prosecute may result in the imposition of sanctions including, where appropriate
7  dismissal. Cantarella v. Gay, 73 F.3d 368, (9th Cir. 1995); see also Scott v. Belmares, 328
8  Fed.Appx. 538, 539 (9th Cir. 2009); Local Rule 183(b).  The Court must manage this case
9  and process items filed  in it regardless of Plaintiff's anticipated transitional status. Plaintiff
10 must assume the responsibility of providing the Court with a mailing address, whether it be
11 his present place of confinement or some other place where the mail will be routed to him.

12     **B.    Stay of Proceedings**

13     Plaintiff's motion could be construed as a request to stay proceedings pending
14 resolution of Plaintiff's immigrations proceedings and detention.

15     "The district court has broad discretion to stay proceedings as an incident to its
16 power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706-07 (1997) (citing
17 Landis v. North American Co., 299 U.S. 248, 254 (1936)). "The proponent of the stay bears
18 the burden of establishing its need." Id. at 706. The Court considers the following factors
19 when ruling on a request to stay proceedings: (1) the possible damage which may result
20 from the granting of a stay, (2) the hardship or inequity which a party may suffer in being
21 required to go forward, and (3) the orderly course of justice, measured in terms of the
22 simplifying or complicating of issues, proof, and questions of law which could be expected
23 to result from a stay. Filtrol Corp. v. Kelleher, 467 F.2d 242, 244 (9th Cir. 1972) (quoting
24 CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962)).

25     The Court previously denied Plaintiff's request for stay relief. (Order Denying
26 Plaintiff's Motions, ECF No. 41.)  Plaintiff fails to demonstrate a stay is needed for reasons
27 beyond his control. Moles v. Lappin, 2012 WL 1372132, at *2 (10th Cir. April 20, 2012).
28 Such a stay would create a risk of prejudice to the Defendant, see Anderson v. Air West,

1  542 F.2d 522, 524 (9th Cir. 1976) (a presumption of injury arises from delay in resolving
2  an action), delay resolution of this matter on the merits, and is not warranted on the
3  present facts. In considering a stay order, the court should "balance the length of any stay
4  against the strength of the justification given for it." Young v. I.N.S., 208 F.3d 1116, 1119
5  (9th Cir. 2000). He provides no justification for a stay other than the potential need to file
6  a notice of change of address, an event that is within his control.

7  **C.     Injunctive Relief**

8  Plaintiff's motion also could be construed as a request for injunctive relief precluding
9  mailing of documents to Plaintiff. So construed, it similarly fails.

10  Injunctive relief is an "extraordinary remedy, never awarded as of right." Winter v.
11  Natural Res. Defense Council, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary
12  injunction must establish that he is likely to succeed on the merits, that he is likely to suffer
13  irreparable harm in the absence of preliminary relief, that the balance of equities tips in his
14  favor, and that an injunction is in the public interest." Id. (citing Munaf v. Geren, 553 U.S.
15  674, 689–90 (2008)). In cases brought by prisoners involving conditions of confinement,
16  the Prison Litigation Reform Act (PLRA) requires that any preliminary injunction "be
17  narrowly drawn, extend no further than necessary to correct the harm the court finds
18  requires preliminary relief, and be the least intrusive means necessary to correct the harm."
19  18 U.S.C. § 3626(a).

20  Plaintiff, at this early stage has not demonstrated that he will succeed on the merits
21  of his case. Nothing before the Court suggests real and immediate threat of injury relating
22  to a potential change in Plaintiff's address of record. See City of Los Angeles v. Lyons, 461
23  U.S. 95, 111 (1983) (plaintiff must show real and immediate threat of injury, and past
24  exposure to illegal conduct does not in itself show a present case or controversy regarding
25  injunctive relief if unaccompanied by any continuing, present, adverse effects.) Nothing
26  before the Court suggests Plaintiff is under any real and immediate threat of injury, or that
27  the balancing of equities and public interest weighs in his favor. Any threat relating to a
28  potential address change can be ameliorated by Plaintiff timely notifying the Court of his

new address. The various criteria not having been met, Plaintiff is not entitled to injunctive relief.

### III. CONCLUSION AND ORDER

Plaintiff has not demonstrated an entitlement to the relief sought. Accordingly, for the foregoing reasons, it is hereby ordered that Plaintiff's motion requesting that no more orders or motions be mailed to him pending his release from ICE/DHS custody (Motion, ECF No. 48), is DENIED.

IT IS SO ORDERED.

Dated: August 8, 2012          /s/ *Michael J. Seng*
                               UNITED STATES MAGISTRATE JUDGE