UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAHAN JALADIAN | CASE No. 1:09-cv-01980-AWI-MJS (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION REQUESTING OVERTURN OF DEFENDANT'S PREVIOUSLY |
| v. | GRANTED MOTION AND PLEADINGS |
| J. HERNANDEZ, et al., | (ECF No. 46) |
| Defendants. | |

## I. PROCEDURAL HISTORY

Plaintiff Vahan Jaladian, a former state prisoner currently on parol and in the custody of the U.S. Department of Homeland Security at the Pinal County Adult Detention Center in Florence, Arizona, is proceeding pro se in this civil rights action filed November 12, 2009 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1; Mot. Show Cause, ECF No. 39.)

Defendant Hernandez answered the Complaint and the Court set a discovery cut-off date of September 28, 2012 and a dispositive motion deadline of December 13, 2012. (Order, ECF No. 45.)

On July 30, 2012, Plaintiff filed a motion requesting the Court overturn all motions

-1-

1 and orders previously granted at Defendant's behest. (Motion, ECF No. 46.) Plaintiff
2 alleges the mailing of Defendants' unspecified motions and the Court's orders were
3 addressed to High Desert State Prison where he was formerly incarcerated, and the delay
4 in getting them to his actual place of confinement prevented him from responding timely.

**II.   ANALYSIS**

Plaintiff's Motion, which the Court construes as a request for reconsideration of its prior orders, is denied.

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . . " exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. In seeking reconsideration of an order, Local Rule 230(j) requires a party to identify the motion or order in issue and when it was made, and show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009), and "[a] party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation . . . " of that which was already considered by the court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Plaintiff fails to identify the specific motion(s) and order(s) of which he seeks reconsideration. The Court is left to speculate in this regard. The Court's docket reflects that during the period from Plaintiff notifying the Court of his High Desert State Prison

address[1] to his notifying the Court of his Pinal County Adult Detention Center address[2], Defendant filed one motion, a motion to vacate discovery and disposition motion deadlines based on Plaintiff's failure to provide a current address of record. (Motion to Vacate, ECF No. 36.) The Court held this motion to vacate in abeyance and took no action on it during this period. Plaintiff does not now allege he was injured or prejudiced thereby. He offers no new or different facts or circumstances or any response to the motion to vacate deadlines and the Court's order thereon. (Order Discharging and Granting Motion to Vacate, ECF No. 40.)

If Plaintiff failed to receive mail directed to him, it apparently was a result of his failure to comply with his obligation to maintain a current address of record. Local Rule 183(b).

Plaintiff provides no good cause for the relief he seeks, no evidence that he has been or will be prejudiced in any measurable way if the relief is not granted, and no clear error or other meritorious grounds for relief from any order entered in this action. He has shown no basis for granting a motion for reconsideration.

### III.  CONCLUSION AND ORDER

Plaintiff has not met his burden as a party moving for reconsideration. Marlyn Nutraceuticals, Inc., 571 F.3d at 880.

Accordingly, for the foregoing reasons, it is hereby ordered that Plaintiff's motion requesting overturn of Defendant's previously granted motions and orders (ECF No. 46), construed as a motion for reconsideration, is DENIED.

IT IS SO ORDERED.

Dated:   August 8, 2012         /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE

---

[1] October 3, 2011. See Notice of Change of Address, ECF No. 29.

[2] April 26, 2012. See Motion Showing Cause, ECF No. 39.