UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAHAN JALADIAN, | CASE NO. 1:09-cv-01980-AWI-MJS (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE |
| v. | |
| J. HERNANDEZ, et al., | FOURTEEN (14) DAY DEADLINE |
| Defendants. | |

Plaintiff Vahan Jaladian, a former state prisoner currently on parol, is proceeding pro se in this civil rights action filed November 12, 2009 pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 52) Plaintiff consented to Magistrate Judge jurisdiction. (Consent to Jurisdiction, ECF No. 25) Defendant Hernandez declined Magistrate Judge jurisdiction. (Decline Jurisdiction, ECF No. 20)

This matter proceeds on Plaintiff's Complaint against Defendants Hernandez and John/Jane Doe #1 for excessive force in violation of Plaintiff's Eighth Amendment rights. (Order for Service, ECF No. 10) Defendant Hernandez has answered the Complaint and the Court has set a discovery cut-off date of November 30, 2012 and a dispositive motion deadline of February 14, 2013. (ECF No. 53)

On August 23, 2012, Court mail sent to Plaintiff was returned as undeliverable. Since then, Plaintiff has not provided the Court and opposing parties with a current address.

Local Rule 183(b) provides that "[a] party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address [and if] mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Accordingly, it is HEREBY ORDERED THAT:

1. By not later than fourteen (14) days following service of this order, Plaintiff shall either file a current address or show cause why his case should not be dismissed for failure to prosecute.

2. Failure to comply with the order may result in dismissal of this action.

IT IS SO ORDERED.

Dated:   November 14, 2012          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

2