# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAHAN JALADIAN,<br><br>        Plaintiff,<br><br>    v.<br><br>J. HERNANDEZ, et al.,<br><br>        Defendants. | CASE No. 1:09-cv-01980-AWI-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS DENYING DEFENDANT HERNANDEZ'S MOTION FOR SUMMARY JUDGMENT**<br><br>**(ECF No. 61)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

## I.    PROCEDURAL HISTORY

Plaintiff Vahan Jaladian, a former state prisoner currently on parole, is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter proceeds on Plaintiff's complaint against Defendant Hernandez for excessive force in violation of Plaintiff's Eighth Amendment rights.

Pending before the Court is Defendant Hernandez's motion for summary judgment.[1] (ECF No. 61.) Plaintiff filed opposition to the motion. (ECF No. 65.)

---

[1] Pursuant to Woods v. Carey, 684 F.3d 934 (9th Cir. 2012) and Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), Defendant notified Plaintiff of his rights, obligations and methods for opposing Defendant's motion. (ECF No. 62.)

1

Defendant replied to the opposition. (ECF No. 67.) The motion is deemed submitted. Local Rule 230(*l*).

## II.   FACTUAL BACKGROUND

According to Plaintiff, on July 21, 2008, at Pleasant Valley State Prison ("PVSP"), Defendant Correctional Officer Hernandez used force against Plaintiff for refusing a nurse's order, took him down and cuffed him, picked him up by his cuffed wrists so high that Plaintiff could barely touch the ground, and forced him to walk to another facility. This caused Plaintiff, who was disabled with a back injury, intense pain, scarring, swelling in his hands, wrists and shoulders, cuts on his wrist, abrasions on various other parts of his body, mental anguish, and apprehension of further harm.

Plaintiff complains Defendant used excessive force in violation of the Eighth Amendment to the U.S. Constitution and justifying a monetary award to Plaintiff.

## III.   SUMMARY JUDGMENT STANDARD

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Washington Mutual Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party can not produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1). While the Court may consider other materials in the record not cited to by the parties, it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n, 322 F.3d 1039, 1046 (9th Cir. 2002), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).

Summary judgment must be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

**IV.    UNDISUPTED FACTS[2]**

1. Plaintiff was at times relevant to this motion an inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR") at PVSP.
2. Defendant Hernandez was employed as a correctional officer at PVSP and had been so employed since 2000.
3. On July 21, 2008, Plaintiff refused to comply with Nurse Diaz's medical order for a post-medication finger swipe of his gums.
4. Upon Plaintiff's refusal of Nurse Diaz's order, Defendant Hernandez, who accompanied Diaz on her rounds, took Plaintiff face-down onto his bunk, cuffed him, and escorted him to the Facility Program Office.

---

[2] All facts are taken from Defendant Hernandez's separate statement of undisputed facts and the evidence cited in support of those facts. Plaintiff cites to no evidence in the record which puts these alleged facts in dispute. Accordingly, they are deemed undisputed for purposes of this motion. Fed. R. Civ. P. 56(e)(2).

5. On July 22, 2008, Plaintiff requested medical attention for back injuries sustained from a fall the day before; he was seen by Nurse Roberts and told her the injuries were caused by Defendant Hernandez; Roberts noted minor injuries not requiring treatment.

## V. DISPUTED FACTS[3]

1. Whether Plaintiff at the time posed any threat to or threatened Nurse Diaz or Defendant.

2. Whether, solely in response to Plaintiff's refusal of Nurse Diaz order and without Plaintiff posing a threat of any kind to anyone, Defendant picked up Plaintiff and threw him onto a bunk, drove his knee into Plaintiff's neck, and then lifted Plaintiff off the ground by the handcuff chain behind Plaintiff's back.

## VI. ANALYSIS

### A. Excessive Force Remains in Dispute

Defendant Hernandez contends he used only minimal force reasonably necessary to protect Diaz and himself from Plaintiff after Plaintiff, a violent felon, took a step toward Nurse Diaz and suddenly raised his hand toward Defendant's face. (Def. UMF 14-16, ECF No. 62.)

Plaintiff denies that he raised his hand and claims that he posed no threat to anyone. He weighed 135 pounds and was disabled with a back injury. There was a medical cart between him and Diaz and Hernandez preventing him from reaching either of them. (Plf. Decl. in Opp'n at 10, ECF No. 65.) When Plaintiff refused Nurse Diaz's order, Defendant pushed the medical cart aside, entered Plaintiff's cell, picked Plaintiff up and threw him onto the bunk, kneed him in the neck, cuffed him and lifted him up by the cuffs (Id. at 6-8), causing injury. (Id. at 9-10.)

Defendant denies kneeing Plaintiff in the back. (Def. UMF 19, ECF No. 62.) He

---

[3] All facts are taken from Defendant's separate statement of undisputed facts and the evidence cited in support of those facts, and Plaintiff's declaration in opposition to motion.

4

asserts that Plaintiff is not credible and, in any event, suffered only de minimis harm.

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. Wilkins v. Gaddy, 559 U.S. 34, 36 (2010); Hudson v. McMillian, 503 U.S. 1, 8-9 (1992). To state an Eighth Amendment claim, a plaintiff must allege that the use of force was an "unnecessary and wanton infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Hudson, 503 U.S. at 9. However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9–10; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries).

Whether force used by prison officials was excessive is determined by inquiring if the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7. The Court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. See Whitley v. Albers, 475 U.S. 312, 321 (1976).

Here Plaintiff's opposition, though not in a format consistent with Local Rule 260, is substantively sufficient to create a dispute of fact as to events leading up to the application of force by Hernandez and the amount of force called for by the situation.[4]

---

[4] Plaintiff's papers are treated more indulgently since he is the nonmoving party. Lew v. Kona Hosp. 754 F.3d 1420, 1423 (9th Cir. 1985).

1  This factual dispute goes to the core of the Whitley analysis and to a determination of
2  whether there was a legitimate need to use such force or any force under the
3  circumstances. Such a dispute precludes summary judgment.
4       Defendant argues that the force used was only de minimis and meant to gain
5  compliance with a lawful order. However, the Court can not find de minimis force on the
6  facts before it. See Wilkins, 559 U.S. at 37, citing Hudson, 503 U.S. at 9 (minor "push or
7  shove" found de minimis force). Plaintiff claims that Defendant, without any cause other
8  than Plaintiff declining a nurse's request to submit to a gum swipe, picked Plaintiff up,
9  threw him onto his bunk, drove a knee into his neck, and lifted him from behind by a
10 chain attached to Plaintiff's wrist. Defendant denies that the foregoing occurred and
11 argues that the force used was appropriate and in response to Plaintiff's aggressive
12 moves toward Defendant and the nurse. Thus, we have a factual dispute about what
13 really happened and why. The Court cannot determine here, on summary judgment,
14 who is telling the truth. In judging the evidence at the summary judgment stage, the
15 Court does not make credibility determinations or weigh conflicting evidence,
16 Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007), and it must draw
17 all inferences in the light most favorable to the nonmoving party and determine whether
18 a genuine issue of material fact precludes entry of judgment. Comite de Jornaleros de
19 Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011).
20      If Plaintiff's version of events is accepted as true by the trier of fact, the same fact
21 finder could determine that the force used was more than de minimis. It is possible the
22 finder of fact also could find, based on the facts presented exclusively by Plaintiff, that
23 the force used was wanton and malicious and solely to inflict pain on Plaintiff and
24 without legitimate penological purpose.
25      Certainly the evidence fails to reflect that Plaintiff suffered any significant injury
26 as a result of whatever force was used. However, under the law, Plaintiff need not show
27 documented injury. The malicious and sadistic use of force to cause harm always
28 violates contemporary standards of decency, regardless of whether or not significant

injury is evident. Hudson, 503 U.S. at 9.

Accordingly, the undersigned finds summary judgment on the excessive force claim in favor of Defendant must be denied.

### B. Qualified Immunity

Defendant maintains he is entitled to qualified immunity because he used only the most minimal force necessary to gain compliance with a lawful order, as allowed by Title 15 § 3268.

Government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341(1986). Therefore, "[i]f the [defendant's] mistake as to what the law requires is reasonable . . . the [defendant] is entitled to the immunity defense." Saucier v. Katz, 533 U.S. 194, 205 (2001), overruled in part by Pearson v. Callahan, 555 U.S. 223, 227 (2009); Estate of Ford v. Ramirez–Palmer, 301 F.3d 1043, 1050 (9th Cir. 2002). "The principles of qualified immunity shield an officer from personal liability when an officer reasonably believes that his or her conduct complies with the law." Pearson, 555 U.S. at 244.

Where there are factual disputes as to the parties' conduct or motives, the case can not be resolved at summary judgment on qualified immunity grounds. See Liston v. County of Riverside, 120 F.3d 965, 978 (9th Cir. 1997); Collins v. Jordan, 110 F.3d 1363, 1369 (9th Cir. 1997); Alexander v. City of San Francisco, 29 F.3d 1355, 1364 (9th Cir.1994); ACT UP!/Portland v. Bagley, 988 F.2d 868, 873 (9th Cir. 1993). Such is the case here, for the reasons discussed above.

Accordingly, Defendant's qualified immunity claim can not be resolved on summary judgment.

### VII. LEGAL CONCLUSIONS AND RECOMMENDATIONS

For the reasons set forth herein, the undersigned RECOMMENDS that

Defendant Hernandez's motion for summary judgment filed on May 3, 2013 (ECF No. 61) be DENIED, and that this case remain open.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   December 4, 2013                    /s/ *Michael J. Seng*
                                             UNITED STATES MAGISTRATE JUDGE